JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x

                  :

UNITED STATES OF AMERICA

                  :

     - v. -

                  :

GABRIEL NEGRON, and
JONATHAN MENDEZ,

           Defendants.    :

- - - - - - - - - - - - - - - - - - - -x



INDICTMENT  DEC 11 2007

07 Cr.

07 CRIM 1130

COUNT ONE

    The Grand Jury charges:

    1.   From at least in or about September 2007, up to and including on or about November 20, 2007, in the Southern District of New York and elsewhere, GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as crack, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

Overt Act

3.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.    On or about October 17, 2007, GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, sold crack to a cooperating witness in New York, New York.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4.    On or about October 1, 2007, in the Southern District of New York, GABRIEL NEGRON, the defendant, unlawfully, intentionally, and knowingly, distributed and possessed with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as crack.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B); Title 18, United States Code, Section 2.)

COUNT THREE

The Grand Jury further charges:

5.    On or about October 17, 2007, in the Southern District of New York, GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, unlawfully, intentionally, and knowingly, distributed and possessed with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as crack.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B); Title 18, United States Code, Section 2.)

COUNT FOUR

The Grand Jury further charges:

6.    On or about November 20, 2007, in the Southern District of New York, GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, unlawfully, intentionally, and knowingly, distributed and possessed with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as crack.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

7.    As a result of committing one or more of the controlled substance offenses alleged in Counts One, Two, Three, and Four of this Indictment, GABRIEL NEGRON and JONATHAN MENDEZ, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the violations alleged in Counts One, Two, Three, and Four of this Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violations, including but not limited to the following:

a.    A sum of money in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Counts One and Two of this Indictment.

### Substitute Asset Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the said defendants:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

4

(3)   has been placed beyond the jurisdiction of the

Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §

853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)


_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**GABRIEL NEGRON, and**
**JONATHAN MENDEZ**

**Defendant.**

---

**INDICTMENT**

07 Cr.

(Title 21, United States Code, Sections
846, 812, 841(a)(1), and 841(b)(1)(B);
Title 18, United States Code, Section 2.)

<u>MICHAEL J. GARCIA</u>
United States Attorney.

**A TRUE BILL**

*Douglas Colley*
Foreperson.

*True Indictment Case assigned to Judge Buchwald.
of Mag. Judge Katz*